**This document was signed electronically on January 18, 2024, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: January 18, 2024**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 20-52085 |
| VIRGINIA L. LACONI, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) Adversary Proceeding No. 21-05031 |
| ──────────────────────── | ) |
| | ) |
| MELISSA M. MACEJKO, Trustee, | ) Judge Alan M. Koschik |
| | ) |
| Plaintiff and Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| BERTRAM O. SOLIS, | ) |
| | ) |
| Defendant and Counterclaim Plaintiff.[1] | ) |
| | ) |
| | ) |

---

[1] There were three original defendants named in this adversary proceeding. In addition to Mr. Solis, these included the Ohio Department of Taxation and debtor Virginia L. Laconi. Those other defendants have reached agreed judgments in this adversary proceeding at Docket Nos. 24 and 25, respectively. Separately, Thomas and Julie Garver were joined as an additional party plaintiff at Docket No. 41, but were later substituted out in favor of the Trustee who restored her position as sole plaintiff in this adversary proceeding at Docket No. 44. The caption used in this Memorandum of Decision reflects only the remaining parties.

# MEMORANDUM OF DECISION ON
# CROSS-MOTIONS FOR SUMMARY JUDGMENT

Currently before the Court are cross-motions for summary judgment filed by plaintiff and counterclaim defendant Melissa M. Macejko, as chapter 7 trustee (the "Trustee") in the bankruptcy case of debtor Virginia L. Laconi (the "Debtor") in which the above-captioned adversary proceeding arises, and by defendant and counterclaim plaintiff Bertram O. Solis (the "Defendant"). The Trustee seeks authority to sell certain property of the estate consisting of real property in the City of Cuyahoga Falls, Ohio, on Sackett Avenue, bearing Parcel No. 0208995 (the "Laconi Property"), free and clear of any claim of interest or encumbrance asserted by the Defendant. The Trustee specifically seeks to avoid any unrecorded easement in the Laconi Property held by the Defendant. Finally, the Trustee asserts a trespass claim against the Defendant, seeking minimal damages and attorneys' fees.

The Defendant owns an adjoining parcel, Parcel No. 0208996 (the "Solis Property"), that was once owned by the Debtor and was sold to the Defendant by the Federal National Mortgage Association ("Fannie Mae") following a foreclosure. The Defendant, in his counterclaim and cross-motion for summary judgment, seeks a quiet title judgment concluding that he enjoys an easement implied against the Laconi Property resulting from the Debtor's prior use of a driveway she and her deceased husband built that straddled both properties and was openly used for the benefit of the Solis Property. The Defendant further contends, in his response to the Trustee's Motion on the claims she asserts, that his easement is enforceable against the Trustee and cannot be avoided.

For the reasons set forth below, the Trustee's Motion will be granted, in part, and denied, in part, and the Defendant's Motion will also be granted based on the Defendant's state law right to quiet title to the easement.

## JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. Venue is proper pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N), and (O).

## SUMMARY JUDGMENT STANDARD

In bankruptcy cases, including adversary proceedings, a party may move for summary judgment at any time before 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise. Fed. R. Bankr. P. 7056 (otherwise incorporating Fed. R. Civ. P. 56); *see also* Fed. R. Bankr. P. 9014(c). When a party so moves, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). A Plaintiff moving for summary judgment must establish all essential elements supporting its claim in this fashion; a defendant must establish that any one (or more) essential elements of Plaintiff's claim fails, or establish all elements of one or more of defendant's affirmative defenses, in order to obtain a defense judgment by summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Evidence presented in support of summary judgment is viewed in the light most favorable to the non-moving party, "drawing all reasonable inferences in its favor." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986). However, if

- 3 -

21-05031-amk    Doc 46    FILED 01/18/24    ENTERED 01/18/24 15:38:11    Page 3 of 20

a moving party meets its burden to establish a lack of genuine dispute as to a material fact, the burden then shifts to the non-moving party to "come forward with evidence which would support a judgment in its favor." *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e). Once the movant succeeds in shifting the burden to come forward, the non-moving party may not rely on a "mere scintilla of evidence" in support of its opposition to the motion. There must be enough evidence presented in which a fact-finder could reasonably find for the non-moving party. *Zenith*, 475 U.S. at 586.

## FACTUAL AND PROCEDURAL HISTORY

The parties filed stipulations of fact on October 22, 2021 (Docket No. 19) (the "Stipulations"). The facts relied upon in this decision are those (i) stipulated by the parties, (ii) admitted in the Defendant's answer, (iii) apparent from the Court's docket, and/or (iv) established without material dispute pursuant to Rule 56 of the Federal Rules of Civil Procedure, which is incorporated into bankruptcy practice via Rule 7056 of the Federal Rules of Bankruptcy Procedure. The following constitutes the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On October 27, 1971, Salvatore Laconi obtained title to the Laconi Property, along with multiple other parcels of real estate in Cuyahoga Falls, Ohio, via a general warranty deed executed by Donald V. Laconi a.k.a. D. Laconi. The deed referred to the Laconi Property as 427 Sackett Street [sic],[2] Cuyahoga Falls, Ohio.

---

[2] The limited warranty deed, in the record as Exhibit F to the Defendant's Cross-Motion for Summary Judgment (Docket No. 23), conveys certain properties on "Sackett Street" and others on "Sackett Avenue." The Defendant's own address is on Sackett Avenue and the parties have stipulated that the lots are adjacent. The Court has a sufficient record to presume that Sackett Avenue and Sackett Street are identical.

On August 27, 1975, Salvatore Laconi obtained title to the property at 423 Sackett Avenue, Parcel No. 0208996 (the "Solis Property"). Defendant's Cross-Motion for Summary Judgment (Docket No. 23), Exhibit 1 (the "Solis Affidavit") at ¶ 6 and Ex. E thereto.

On March 23, 2002, Salvatore Laconi executed a joint and survivorship deed conveying six parcels of land, or groups thereof, to himself and the Debtor. Stipulation at ¶ 5 and Ex. A. This deed was properly recorded in the office of the Summit County Recorder. *Id.* Among the six parcels were the Laconi Property and Solis Property. The Laconi Property and the Solis Property are adjacent, with the Solis Property to the east and the Laconi Property to the west.

Salvatore Laconi died on November 23, 2006, and the Debtor executed an affidavit of surviving spouse regarding the Laconi Property. Stipulation at ¶ 6 and Ex. B. The Debtor remained the sole owner of the Laconi Property from that date until the filing of her bankruptcy petition.

On July 18, 2008, the Defendant acquired the Solis Property through a special warranty deed granted by Fannie Mae. The undisputed testimony of the Defendant supports a finding that Fannie Mae acquired the Solis Property via a recorded Sheriff's Deed as a result of a foreclosure judgment and decree entered by the Summit County Court of Common Pleas on July 17, 2007. Solis Affidavit at ¶¶ 3-4 and Exs. B and C thereto.

At one time, a residential structure existed on the Laconi Property. Stipulations at ¶ 11. That residence was razed at some time prior to 2000. *Id.*; Stipulations at ¶ 12; and Defendant's Cross-Motion for Summary Judgment (Docket No. 23), Exhibit 2 ("Virginia L. Laconi's Answers to Solis Requests for Admission") at Response No. 4. As of the Debtor's November 19, 2020 petition date (the "Petition Date"), the Laconi Property was, and is currently, a vacant lot. *Id.*; Solis Affidavit at ¶¶ 7-14. While the residence stood, the eastern portion of its driveway

- 5 -

21-05031-amk    Doc 46    FILED 01/18/24    ENTERED 01/18/24 15:38:11    Page 5 of 20

was located on the Solis Property, *i.e.*, the driveway overlapped the two properties. Stipulations at ¶¶ 9, 11-12; Solis Affidavit at ¶ 9. After the residence was razed, a new concrete driveway was installed on the same footprint as the prior driveway, still overlapping the two properties, but then used exclusively by the Solis Property. *Id.* The driveway is open, obvious, and clearly visible from both the air (based on the overhead images included in the record) and the street. Solis Affidavit at ¶¶ 2 and 10, and Exs. A and G thereto; Defendant's Cross-Motion for Summary Judgment (Docket No. 23), Exhibit 3 ("Affidavit of Gerald Mellinger") at ¶¶ 3-4. The driveway has been in its current position continuously since prior to the date the Defendant purchased the Solis Property in 2008. Solis Affidavit at ¶¶ 12-13.

In the Summit County land records, there is no recorded easement or other interest in the Laconi Property for the benefit of the Solis Property.

Both properties are located on a dedicated road in the City of Cuyahoga Falls, Ohio. Neither property blocks access to the street for the other. However, the substantial majority of the width of the driveway is on the Laconi Property. Solis Affidavit at ¶¶ 2 and 10, and Exs. A and G thereto. The Defendant introduced into evidence a photograph of the view up the driveway from Sackett Avenue, with a computer-drawn line bisecting the driveway that he attests under oath is an accurate depiction of the lot line. Solis Affidavit at ¶ 10 and Ex. G. At its narrowest point, around the side of the house on the Solis Property, the driveway is slightly narrower than the end of a rectangular picnic table, and only slightly wider than a two-wheeled residential trash bin. *Id.* There is not enough space on either side of the house on the Solis Property to drive a vehicle to the rear of the property without crossing a lot line. *Id.* at ¶ 11.

The Defendant, his tenants, and various other people in the neighborhood have mowed the Laconi Property throughout the years, and the Defendant, on one occasion, has paid to have the property-straddling driveway plowed. Stipulations at ¶ 15.

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 19, 2020, and the Trustee was appointed trustee of the Debtor's bankruptcy estate.

The Trustee filed her complaint in this adversary proceeding on May 28, 2021. Consistent with a scheduling order entered November 12, 2021, the parties filed their cross-motions for summary judgment on December 16, 2021, and their responses to the other's motions on January 6, 2022. The Defendant filed a reply in support of his motion on January 21, 2022. The Court held an oral argument on the cross-motions on January 31, 2022. The Court took the matter under advisement. Thereafter, the Court recalled the matter from under advisement status on February 18, 2022, when the Trustee filed a motion for joinder of additional parties plaintiff. The Court ultimately granted the motion to join additional parties plaintiff, with such parties adopting the motions and arguments of the Trustee and agreeing to be bound by the Court's ruling on the pending motions, in an order entered June 7, 2022. (Docket No. 41.) The Court took the matter back under advisement. The additional parties plaintiff later transferred their interests to the Trustee, effectively ending their participation in the adversary proceeding, on October 19, 2022. (Docket Nos. 43-44.) The Court kept the matter under advisement.

**LEGAL ANALYSIS**

The strong arm provision in the Bankruptcy Code provides that the trustee acquires, "as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of … a bona fide purchaser of real property, other than fixtures,

from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). The inquiry into what the rights of a bona fide purchaser are is governed by Ohio law. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001).

The Court concludes, after applying Ohio law, that the Defendant obtained a valid easement implied by the Debtor's prior use upon the Laconi Property for the benefit of the Solis Property. If the reverse were true, and Ohio law denied the Defendant an easement implied by the Debtor's prior use of the two properties while under common ownership, that would end the Court's inquiry. However, the Defendant's superior rights against the Debtor with respect to the driveway easement prior to the Petition Date compels the Court to examine the Trustee's rights as a hypothetical bona fide purchaser of the Laconi Property to avoid the transfer of the easement to the Defendant for the benefit of the Solis Property pursuant to the Bankruptcy Code. 11 U.S.C. § 544(a)(3).

The dispositive question, therefore, is whether under Ohio law, a bone fide purchaser would acquire and/or could sell the Laconi Property free and clear of a valid unrecorded implied easement. The Court concludes that such a purchaser could do so, and therefore the Trustee may do so in this case.

I. **The Defendant Has a Valid Easement Implied by the Debtor's Prior Use of the Laconi Property for the Benefit of the Solis Property While They Were Held in Common Ownership.**

The Trustee argues that "interests in real estate must be in writing or are barred by the statute of frauds," citing Ohio Revised Code ("O.R.C.") § 1335.05. However, while the statute of frauds requires "a contract or sale of lands, tenements, or hereditaments, or interest in or

- 8 -

concerning them" to be in writing, *id.*, Ohio law nevertheless recognizes (although also disfavors) certain implied easements that arise other than through a written contract of sale of, or an instrument transferring, such an interest. The Defendant has presented sufficient undisputed evidence for the Court to conclude that the Laconi Property is subject to a valid easement implied by prior use for the benefit of the Solis Property.

"While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only." *Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles*, 15 Ohio St. 3d 79, 80-81, 472 N.E.2d 711, 713 (1984) (quoting *Ciski v. Wentworth*, 122 Ohio St. 487, 172 N.E. 276 (1930), paragraph one of the syllabus).

The Laconi and Solis Properties came under common ownership (that of Salvatore Laconi) in 1975, and continued under common ownership (of Salvatore Laconi and the Debtor, jointly) in 2002. The Laconis' common ownership of the Laconi Property and Solis Property was severed in 2007 when Fannie Mae foreclosed on the Solis Property and obtained title via a Sheriff's Deed. In 2008, Fannie Mae granted a special warranty deed for the Solis Property to the Defendant. The record therefore establishes that there was once common ownership, later severed.

- 9 -

The record does not definitively establish the date the driveway straddling the two properties was first constructed. However, there is sufficient evidence to conclude that it is long enough ago that it should be measured in decades, because the shared driveway existed when there was a house on the Laconi Property, and that house was razed sometime around the year 2000. The driveway is also immediately and easily visible both from commercially available satellite images and from the street, based on the overhead and street views submitted with the Defendant's motion and supported by his affidavit. The prior use was therefore both "long maintained" and "open and obvious" in a way that would imply an intention to be permanent, as required by the second element of *Campbell* and *Ciski*.

While an opposing party might have introduced evidence to create a genuine issue of material fact regarding the third element, whether the implied easement was "reasonably necessary to the beneficial enjoyment" of the dominant estate, no attempt to do so was made here. The evidence presented by the Defendant is sufficient to show such reasonable necessity. An easement implied by prior use only requires that the claimant show "reasonable necessity," as opposed to the "strict necessity" required to prove an easement implied by necessity, a separate form of implied easement upon which the Defendant does not rely. *See Shangrila Ohio, LLC v. Westbridge Realty Co.*, 2013 WL 4822030, 2013-Ohio-3817, ¶ 19 (Ohio App. 8th Dist. Sept. 5, 2013) (citing *Tiller v. Hinton*, 19 Ohio St. 3d. 66, 69 482 N.E. 2d 946 (1985)). Based on the Defendant's uncontroverted affidavit and photographic evidence submitted, the driveway, including the part that is, and has been for decades, on the Laconi Property side of the lot line, is reasonably necessary to the beneficial use and enjoyment of the Solis Property. Without the portion of the driveway on the Laconi Property side, an occupant or landlord of the Solis Property would have great difficulty parking even a small vehicle in the driveway near the road

and would be unable to reach the backyard of the property with anything much wider than a lawn mower.

With respect to the fourth *Campbell* element, a concrete driveway is presumptively a continuous use, not a temporary or occasional one.

The cited opinion with the facts most analogous to the case at bar is *Mapes v. Smith*, 2003 WL 194866, 2003-Ohio-428 (Ohio App. 8th Dist. Jan. 30, 2003), which likewise involved a common driveway for two adjacent parcels with no recorded easement for the mutual use of the land occupied by the driveway. The driveway in that case had existed since at least 1957, the common ownership of the land was severed in 1966, and for many decades after that, owners of the properties on each side used the strip of land as the common driveway for both parcels. Both the plaintiffs and defendants in *Mapes* acquired their respective properties on either side of the driveway in 1998, and the defendants asked, and possibly attempted to insist, that the plaintiffs construct a new driveway entirely on the defendants' parcel and cease using the shared driveway. The plaintiffs brought the action to find an implied easement for the continued use of the shared driveway. The trial court ruled in the plaintiffs' favor and concluded that such an implied easement existed and was enforceable against the defendant. The state appellate court affirmed.

The logic of *Mapes* applies here as well. Based on the record presented to the Court in support of and defense against the parties' motion and cross-motion for summary judgment, the Court concludes that there is no genuine issue of material fact relevant to the question of the Defendant's implied easement on the Laconi Property. Moreover, as a matter of Ohio law applied to those facts, the Defendant obtained such an easement enforceable against the Debtor. Therefore, the Defendant is entitled to judgment on his counterclaim quieting title to his easement on the Laconi Property.

## II. The Trustee Can Avoid the Defendant's Easement Because She Stands in the Shoes of a Hypothetical Bona Fide Purchaser With No Actual Knowledge of the Unrecorded Easement, and the Open and Obvious Nature of the Debtor's Prior Use of the Properties That Created the Implied Easement Does Not Constitute Constructive Notice of the Easement to Her Under Ohio Law.

While the ruling in *Mapes* answers the question of who wins the state law dispute between the Debtor and the Defendant quieting title to the easement, it does not resolve the claims brought by the Trustee in this adversary proceeding seeking to avoid the Defendant's unrecorded easement and for authority to sell the Laconi Property free and clear of the easement. To resolve that question, the Court turns to Ohio law to determine whether the Trustee, as a hypothetical bona fide purchaser without actual knowledge, had constructive notice of the Defendant's implied easement so that the easement can be enforced against her.

The Trustee's status as a hypothetical bona fide purchaser is established by bankruptcy law.

> "The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee or any creditor*, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> …
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfers to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists."

11 U.S.C. § 544(a)(3) ("emphasis added"). Therefore, by operation of bankruptcy law, the Trustee is accorded the status of a bona fide purchaser of real property as defined by the applicable state law, in this case Ohio law, and also dictates that any bankruptcy trustee is deemed to lack personal knowledge, and shall not be imputed to have actual knowledge of any existing creditor, with respect to a transfer of an interest in property of the Debtor.

To qualify as a bona fide purchaser in Ohio, a buyer must meet several criteria. "[A] bona fide purchase involves three elements, (1) a valuable consideration, (2) good faith and (3) absence of notice." *Shaker Corlett Land Co. v. City of Cleveland,* 139 Ohio St. 536, 542, 41 N.E. 2d 243, 246 (1942); *accord Swallie v. Rousenberg*, 190 Ohio App. 3d. 473, 478, 2010-Ohio-4573 at ¶ 24, 942 N.E.2d 1109, 1112-13 (2010). The Trustee satisfies these criteria automatically pursuant to Section 544(a)(3) of the Bankruptcy Code. The issue that requires careful analysis is whether the Trustee, armed with this "strong-arm" power, can nevertheless be charged with "notice" of the unrecorded, implied easement in question. For this to be true, the same easement on the same facts would have to be enforceable against a real world bona fide purchaser who also lacked actual knowledge of the easement.

"[A]n equitable easement is not enforceable against a bona fide purchaser for value who has no actual or constructive notice *of the easement*." *Campbell*, 15 Ohio App. 3d at 81 (citing *Renner v. Johnson*, 2 Ohio St. 2d 195, 207 N.E. 2d 751 (1965)) (emphasis added). In *Tiller v. Hinton*, 19 Ohio St. 3d. 66, 482 N.E. 2d 946 (1985), the Ohio Supreme Court interpreted O.R.C. § 5301.25(A), part of Ohio's recording statute, to mean that "an unrecorded easement is not enforceable against a bona fide purchaser for value who has no actual or constructive knowledge *of such easement*." *Id.* at 69 (emphasis added). The Supreme Court and other Ohio courts appear to use the words "notice" and "knowledge" interchangeably, but uniformly draw a distinction between *actual* knowledge/notice (which this Court will refer to as actual knowledge) and *constructive* knowledge/notice (which this Court will refer to as constructive notice). Even a bona fide purchaser takes property subject to any interest he (1) knew about before purchasing (actual knowledge), or (2) was constructively on notice of as determined by Ohio law (constructive notice).

*Campbell* and *Tiller* agree that the knowledge or notice must be of the abstract legal right itself, such as an easement, to hold the buyer subject to the unrecorded interest. Under Ohio law, it is insufficient to establish constructive notice of the interest by showing a buyer had knowledge of physical or circumstantial facts that might cause a prudent and curious buyer to inquire about a possible interest or property restriction.

> "[W]hen it appears that the party was a purchaser for value it is not a defense in support of a claim based on an unrecorded deed to show that he took title under circumstances which ought to have excited apprehension and inquiry in the mind of a prudent and reasonable man. No other view will give effect to the statute. Its words make absence of knowledge of the release at the time of the purchase the test; not absence of that which might induce inquiry. A holding which would substitute constructive notice, in the absence of a record, for actual knowledge, would clearly violate this statute."

*Varwig v. Cleveland, Cincinnati, Chicago & St. Louis RR. Co.*, 54 Ohio St. 455, 468, 44 N.E. 92, 94 (1896) (*quoted by Emrick v. Multicon Builders, Inc.*, 57 Ohio St. 3d 107, 109, 566 N.E.2d 1189, 1192-93 (Ohio 1991)). *Emrick* emphasizes that its holding restricting constructive notice in Ohio to recorded deeds or other instruments also rests on more recent authorities than *Varwig* from the late nineteenth century.

> "However, when construing the provisions of R.C. 5301.25(A) in a more recent case, *Tiller v. Hinton*, 19 Ohio St. 3d 66, 68, 19 OBR 63, 65, 482 N.E.2d 946, 949, this court inserted constructive notice into the test when it said: 'Pursuant to this statutory provision, a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance.' In determining whether the purchaser had constructive notice, we held that since the encumbrance was never recited in any deed in the chain of title, the purchaser could not be charged with constructive notice. 'Because this deed was not timely recorded, there was no record whatsoever of a grant of an easement across appellee's [*i.e.*, the purchaser's] estate in either appellee's or appellant's chain of title. Appellee therefore cannot be charged with constructive notice of the easement.' *Id.* at 68, 19 OBR at 65, 482 N.E.2d at 949."

*Emrick*, 566 N.E.2d at 1193.

Ohio's recording statute makes clear that "[a] real property instrument when delivered to the county recorder of the county in which the real property is situated and filed in the chain of

title to the real property provides constructive notice to all third parties of the instrument notwithstanding any defect in the making, execution, or acknowledgment of the real property instrument." O.R.C. § 5301.07(D) "All" third parties includes a bona fide purchaser, hypothetical or otherwise, so "Ohio law deems any purchaser—including bankruptcy law's hypothetical BFP—to have constructive notice of all instruments executed by the current owner of the land that are properly recorded." *Argent Mortgage Co., LLC v. Drown (In re Bunn)*, 578 F.3d 487, 489 (6th Cir. 2009) (quotation omitted).

However, as foreshadowed over a century ago by *Varwig* and emphasized more recently by *Emrick*, Ohio does not have a statutory provision providing that inquiry notice gives rise to constructive notice, nor does it have a common law rule with similar effect with respect to encumbrances or other matters covered by the recording statute. *See Noland v. Wells Fargo Bank, N.A. (In re Williams)*, 395 B.R. 33 (Bankr S.D. Ohio 2008) (old common law or equitable rule that purchaser will be charged with constructive knowledge based on known facts that would cause prudent person to make further inquiry only applies in Ohio in the absence of a recording statute). The recording statute covers "[a]ll deeds, land contracts referred to in division (A)(21) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments …" with limited exceptions not applicable here. O.R.C. § 5301.25(A). Easements are included in the scope of the statute. *See Tiller*, 19 Ohio St. 3d at 70-71. Therefore, Ohio law will not charge the Trustee with constructive notice of an unrecorded implied easement based on inquiry notice created by the apparent physical condition or circumstances of the real property.[3]

---

[3] This is not true in all states. For example, in California, inquiry notice is statutorily established as a form of constructive notice: "Every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he or she might have learned that fact." Cal. Civ. Code § 19. Thus, for example, in *Swiss Bank Corp. v.*

The strongest authority cited by the Defendant in support of his position is *ABN AMRO Mortg. Grp., Inc. v. Roush*, 2005 WL 858182, 2005-Ohio-1763, ¶ 31 (Ohio App. 10th Dist. Apr. 14, 2005), which states: "'Constructive notice may be afforded by a recorded instrument[,] by lis pendens, and by knowledge of circumstances sufficient to awaken suspicion and put the purchaser on inquiry.' 41 Ohio Jurisprudence 3d § 78."[4] The Defendant relies on the third element, "knowledge of circumstances sufficient to awaken suspicion and put the purchaser on inquiry," to argue that "[t]he existence and use of the driveway at 423 Sackett Avenue [the Solis Property] clearly raises a suspicion that there is an implied easement of prior use and would put any purchaser on notice." Defendant's Response to Trustee's Motion for Summary Judgment (Docket No. 29) at 2. However, the "knowledge of circumstances" referred to as grounds for finding constructive notice under Ohio law in *Roush* appears to mean evidence of actual knowledge that the property interest exists, not merely knowledge of facts that might induce further inquiry. Otherwise, *Roush* would be inconsistent with the Ohio Supreme Court's rulings in *Varwig* and *Emrick* that constructive notice is limited to recorded instruments and is not a product of inquiry notice from physical or circumstantial facts. Moreover, knowledge sufficient to defeat bona fide purchaser status means knowledge of the interest (*e.g.*, the easement), not

---

*Van Ness Assocs., Ltd. (In re Van Ness Assocs., Ltd.)*, 173 B.R. 661 (Bankr. N.D. Cal. 1994), while the court began with the same rule that "the trustee may … only avoid those prior unrecorded interests of which the trustee had no constructive notice," *id.* at 668 (citing *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 419 (9th Cir. 1993)), the outcome for the chapter 11 debtor-in-possession in that case was different because a distinctly different state law applied. "The Ninth Circuit has held that constructive or inquiry notice obtained by the trustee in accordance with California Civil Code section 19 can defeat a trustee's ability to avoid a transfer under section 544(a)(3)." *Id.* at 670 (citing *Weisman*, 5 F.3d at 420.). *Van Ness* held that a prudent purchaser would have inquired about the suspicious exclusion from the description of the lenders' collateral of a three-eighths-inch wide strip of land bisecting the land underneath a commercial office building at issue in that case. The Court then concluded that a prudent purchaser could not have reasonably expected to be able to acquire the narrow strip of land free and clear of the lenders' unrecorded deed of trust on the strip when the substantial adjacent parcels on which the office building stood were encumbered by a recorded deed of trust in favor of the same lender banks. Therefore, under California law the chapter 11 debtor-in-possession was on inquiry notice of the lenders' unrecorded deed of trust on the minuscule strip of land and could not avoid the lenders' unrecorded interest pursuant to 11 U.S.C. § 544(a)(3). The debtor-in-possession in *Van Ness* may have had better luck in Ohio.

[4] The correct citation for this treatise quotation appears to be Ohio Jurisprudence 3d, Equity § 74 (2023).

- 16 -

21-05031-amk    Doc 46    FILED 01/18/24    ENTERED 01/18/24 15:38:11    Page 16 of 20

knowledge of suspicious facts (*e.g.*, a driveway that is too wide). *Tiller*, 19 Ohio App. 3d at 69; *Campbell*, 15 Ohio App. 3d at 81. By operation of bankruptcy law, the Trustee stands in the shoes of a purchaser who has no actual knowledge of the easement implied by the historical circumstances causing driveway's encroachment because the Trustee's strong-arm powers under 11 U.S.C. § 544(a) operate "without regard to the knowledge of the trustee and/or any creditor." *See Treinish v. Norwest Bank Minnesota, N.A. (In re Periandri)*, 266 B.R. 651, 655 (B.A.P. 6th Cir. 2001) ("the statute's 'knowledge of the trustee' is a reference to actual knowledge").

In addition, *Roush* itself continues in relevant part:

> We have previously held that a "good faith mortgagee is charged with constructive notice only of the rights of the person in possession and the rights of persons claiming an interest under a duly recorded instrument." *Mellon Natl. Mortgage Co. of Ohio v. Jones* (Nov. 3, 1977), 54 Ohio App.2d 45, 374 N.E.2d 666, This " '[n]otice is gained either from public records of the county or actual knowledge thereof." ' Id. at 49, 374 N.E.2d 666 citing *Standard Oil Co. v. Moon* (1930), 34 Ohio App. 123, 170 N.E. 368.

*Roush*, 2005 WL 858182 at *7, ¶ 31. The "knowledge of circumstances" element leading to constructive notice via inquiry notice alluded to earlier in the opinion is missing from this part of *Roush*.

*Roush* cited only to a secondary source that was apparently miscited for the possibility that "knowledge of circumstances to awaken suspicion and put the purchaser on inquiry" gives rise to constructive notice that could make an unrecorded easement enforceable against a bona fide purchaser. *Roush* does not appear to have been cited in any subsequent opinions for that proposition. The weight of authority therefore supports the legal conclusion already elaborated above based on the Ohio Supreme Court's opinions in *Campbell*, *Tiller*, and *Emrick*: In Ohio, unrecorded interests in land that are within the purview of the recording statute cannot be enforced against a bona fide purchaser who lacks actual knowledge of those interests, and therefore cannot be enforced against a trustee in bankruptcy.

- 17 -

21-05031-amk    Doc 46    FILED 01/18/24    ENTERED 01/18/24 15:38:11    Page 17 of 20

The legal precedent that helps the Defendant vindicate his easement by prevailing on his counterclaim does not help him defeat the Trustee's Count I claim seeking to avoid that easement. *Mapes* did not find that the plaintiffs in that case could enforce the easement implied by prior use against a bona fide purchaser; it held that the defendants in that case were *not* bona fide purchasers:

> Defendants admit they knew they shared a common drive with 351, even before they purchased 347. This admission thus eradicates any claim by the defendants that they were bona fide purchasers of the property. Three years later, defendants were still allowing the land to be used as a common drive for both parcels. There is no evidence that the common drive has ever been used as anything but a shared access for both 347 and 351.

*Mapes*, 2003 WL 194866 at *4, ¶ 23. Unlike the defendants in *Mapes*, whose knowledge of the easement prevented them from claiming bona fide purchaser status and take their property free and clear of the easement, the Trustee is deemed to be a hypothetical bona fide purchaser by operation of law. 11 U.S.C. § 544(a)(3).

The Trustee is, therefore, entitled to avoid the Defendant's newly-won easement against the Laconi Property because Ohio law permits a bona fide purchaser to avoid such an unrecorded easement, notwithstanding the fact that the Defendant was legally entitled to an easement as against the Debtor or any other party who might have taken title to the Laconi Property with knowledge of the easement. The Trustee is, therefore, entitled to judgment on Count I of her Complaint. Moreover, it is self-evident that having avoided the Defendant's easement, the Trustee, as duly-appointed chapter 7 bankruptcy trustee of the Debtor's estate, is similarly entitled to judgment on Count II of her Complaint and may sell the Laconi Property pursuant to Section 363 of the United States Bankruptcy Code free and clear of the Defendant's now avoided easement.

## CONCLUSION

The Defendant has established his state law right to quiet title to an unrecorded, implied easement on the Laconi Property and thereby prevails on his counterclaim.  However, he is unable to prevent the Trustee from avoiding that easement in the Debtor's bankruptcy case.  The Defendant's arguments to thwart the Trustee's avoidance claim ultimately require demonstrating either actual knowledge of, or constructive notice to, the purchaser, against whom he could enforce his easement implied from prior use.  However, by operation of law, the Trustee stands in the shoes of a hypothetical bona fide purchaser, *i.e.*, a purchaser for value, in good faith, and without either knowledge of any unrecorded easements or constructive notice of an easement created by a recorded instrument.  Moreover, the factual record the Defendant has compiled and the legal arguments he has raised do not establish that the easement in this case could be enforced against a bona fide purchaser on the grounds of constructive notice.  The Defendant's evidence might support a finding that a certain purchaser is *not* bona fide because such purchaser had actual knowledge of the easement, but any such finding could not apply to the Trustee.  Ohio law does not permit the enforcement of unrecorded easements implied from prior use against a bona fide purchaser.  Therefore, the Trustee can sell the Laconi Property free and clear of the Defendant's otherwise valid, but nevertheless unrecorded easement because she is empowered to avoid that easement pursuant to 11 U.S.C. § 544(a)(3).

However, the Trustee's third claim, for trespass damages, must fail.  The Defendant's use of the Laconi Property and the portion of the driveway encroaching upon it was within his legal rights as established by his quiet title judgment obtained here on his Counterclaim and Cross-Motion for Summary Judgment.  The Trustee is not, therefore, entitled to any trespass damages, nominal or otherwise, or any attorneys' fees.

The Court will enter a separate form of order granting, in part, and denying, in party, the Trustee's Motion for Summary Judgment and granting the Defendant's Motion for Summary Judgment on his quiet title claim. The Court's ruling on the parties' cross-motions for summary judgment will not be deemed entered until the separate form of judgment has been entered by the Clerk.

# # #